UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CHRIS D. SMITH,          Petitioner,

v.          Civil Action No. 3:16-cv-P528-DJH

MARK BOLTON,          Respondent.

\* \* \* \* \*

**MEMORANDUM OPINION**

Petitioner Chris D. Smith has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (DN 1). The Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the Rules Governing § 2254 Cases.[1] If the petitioner is not entitled to relief, the petition must be summarily dismissed. Upon review, the Court will summarily dismiss the § 2241 petition.

**I.**

Smith is presently incarcerated in the Hart County Jail on Kentucky state-court charges. In his § 2241 petition, Smith states that he is challenging a "Jefferson county circuit court" case, case number "15CR3020." He states his first ground for relief as "Relief of bail;\ unlawfull custody; #1st U.S. Const. plus Ky. const. 16- And 8th/U.S. const." He sets forth the supporting facts as follows: "was Excessive Bail By Commonwealth of Kentucky law, Detective Mark Moore stated suspect acted in self Defense stated in District court #103/-10-9-15 DVD record." His second ground for relief is "Excessive Bail By com. of Ky." In support thereof, he states as follows: "Commonwealth of Kentucky Raised Bond Back to $50,000-10-9-2015 Record of Facts of District court statement of Detective Mark Moore stated suspect acted in self Defense;

---

[1] Rule 4 applies to § 2241 petitions pursuant to Rule 1(b) of the Rules Governing §2254 cases.

Com. of Ky Lowered Bond Back to 10% 5,000." The relief Smith seeks is "Grant freedom; Relief of federal - - authorities unlawfull Detainer Based on record as stated Grant Release; Plus Immunitie. Requesting Immediate-Release."

## II.

Title 28 United States Code § 2241(c) states, in relevant part, as follows:

The writ of habeas corpus shall not extend to a prisoner unless—

(1) He is in custody under or by color of the authority of the United States . . . ; or

(2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or

(3) He is in custody in violation of the Constitution or laws or treaties of the United States; or

(4) He, being a citizen of a foreign state and domiciled therein is in custody for an act done or omitted under any alleged right, title, authority, privilege, protection, or exemption claimed under the commission, order or sanction of any foreign state, or under color thereof, the validity and effect of which depend upon the law of nations; or

(5) It is necessary to bring him into court to testify or for trial.

28 U.S.C. § 2241(c). In the present case, Smith states that the charges against him in Jefferson Circuit Court, case number 15CR3020, were dismissed on June 27, 2016. Thus, he is not in custody on the case which he states he is challenging. "[T]he essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also Peyton v. Rowe*, 391 U.S. 54, 58 (1968) ("The writ of habeas corpus is a procedural device for subjecting executive, judicial, or private restraints on liberty to judicial scrutiny."). Since he is not in custody on the conviction he is challenging, a writ of habeas corpus is not available to him, and his petition for such will be denied. *See Carafas v. LaVallee*,

391 U.S. 234, 238 (1968) ("The federal habeas corpus statute requires that the applicant must be 'in custody' when the application for habeas corpus is filed."); *Ward v. Knoblock*, 738 F.2d 134, 136-37 (6th Cir. 1984) (holding that Ward, who was incarcerated on federal charges, but was challenging a state conviction whose sentence had expired, was not in custody).

In his petition, Smith refers to an "unlawfull" federal detainer but does not provide any other details regarding the detainer. Thus, this Court ordered the United States to respond to the petition for writ of habeas corpus. The United States Attorney for the Western District of Kentucky represents that "[t]here is no charged federal criminal case involving this Chris D. Smith nor any federal detainer on same" (DN 6). Further, the fact that a detainer has been lodged against Smith on another charge is insufficient to meet the in-custody requirement. *Ward v. Knoblock*, 738 F.2d at 137-39 (finding that the fact that the state had lodged a detainer against plaintiff on another charge was insufficient to meet the in-custody requirement when plaintiff was challenging a conviction that had already been discharged).

Smith has failed to meet the in-custody requirement of § 2241; thus, his petition will be denied on this basis.

There is another reason that this § 2241 petition must be denied. To warrant relief under § 2241, a petitioner is required to exhaust his state remedies prior to bringing such an action. *Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973); *Atkins v. Michigan*, 644 F.2d 543, 546 (6th Cir. 1981). "[T]he doctrine of exhaustion of state remedies has developed to protect the state courts' opportunity to confront initially and resolve constitutional issues arising within their jurisdictions and to limit federal judicial interference in state adjudicatory processes." *Atkins v. Michigan*, 644 F.2d at 546; *see also Rose v. Lundy*, 455 U.S. 509, 518 (1982). "A rigorously enforced total exhaustion rule will encourage state prisoners to

seek full relief first from the state courts, thus giving those courts the first opportunity to review all claims of constitutional error." *Rose v. Lundy*, 455 U.S. at 518-19. Unless unusual or exceptional circumstances make it appropriate to reach the merits of a claim not first exhausted in the state court, the habeas petition should be dismissed. *Granberry v. Greer*, 481 U.S. 129, 134 (1987); *O'Guinn v. Dutton*, 88 F.3d 1409, 1413 (6th Cir. 1996) (en banc). The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Here, Smith indicates on his petition that he has appealed the conviction he is challenging. However, where he is to provide information regarding the appeal, he lists a "Jefferson county District court" case and a "Jefferson county circuit court case." Both cases listed by Smith have different case numbers than the case number he states he is challenging in the present habeas petition. He fails to state he filed any appeal with the Kentucky Court of Appeals. As to the challenged conviction in Jefferson Circuit Court, case number 15CR3020, the records of the Kentucky Court of Justice show that Smith was indicted on those charges on November 18, 2015, and the case was dismissed on June 28, 2016. The record does not reveal any appeal of the case Smith is challenging. Given that only nine months transpired from the time Smith was indicted on the Kentucky charge he is challenging and the filing of the present action, August 17, 2016, it is unlikely that Smith exhausted his remedies through the Kentucky courts prior to the filing of this action. "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).

Thus, denial of this § 2241 petition is warranted on this basis as well.

4

**Certificate of Appealability**

Before Smith may appeal this Court's decision, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 483 (2000). When a district court denies such a motion on procedural grounds without addressing the underlying constitutional claim, a certificate of appealability should issue if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. at 484. If the petition was denied on procedural grounds, both showings must be made before a certificate of appealability should issue and the matter be heard on appeal. *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* In such a case, no appeal is warranted. *Id.*

The Court is satisfied in the instant case that no jurists of reason could find its ruling to be debatable. A certificate of appealability must, therefore, be denied.

For the reasons stated herein, the Court will deny the § 2241 petition, deny a certificate of appealability, and dismiss this action.

Date:

cc:  Petitioner, *pro se*
     Respondent
     Jefferson County Attorney
4415.003